whether we have jurisdiction to reach the merits of Kunkle's federal claim.

I am now satisfied that the Texas court's determination was independently based on a determination of state law, see Tex. Code Crim. Proc. Ann., Art. 11.071, § 5 (Vernon Supp. 2004–2005), and therefore that we cannot grant petitioner his requested relief. That result is regrettable because it seems plain that Kunkle's sentence was imposed in violation of the Constitution. In this proceeding, however, he has invoked a state remedy that, as a matter of state law, is not available to him. Accordingly, I concur in the Court's decision.

No. 03–10876. MINEFIELD v. UNITED STATES, *ante*, p. 855;

No. 03–11047. EDISON v. DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, *ante*, p. 865;

No. 04–5082. COLES v. JOHNSON, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, *ante*, p. 881;

No. 04–5206. LANDAU v. VASTINE-SMITH ET AL., *ante*, p. 887;

No. 04–5403. CLEMENTS v. CROSBY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., *ante*, p. 897;

No. 04–5409. CARTER v. UNITED STATES, *ante*, p. 898;

No. 04–5461. IRIZARRY SANABRIA v. UNITED STATES, *ante*, p. 901;

No. 04–5640. SMITH v. *NSYNC ET AL., *ante*, p. 908;

No. 04–5753. COCHRAN v. JOHNSON, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, *ante*, p. 933;

No. 04–5766. CANNON v. DEPARTMENT OF JUSTICE ET AL., *ante*, p. 911;

No. 04–5806. TAALIB-DIN v. CITY OF DETROIT, MICHIGAN, ET AL., *ante*, p. 934;

No. 04–5838. VAUGHAN v. VAUGHAN ET AL., *ante*, p. 945;

No. 04–5847. JONES v. SHANNON VILLAS CONDOMINIUM ASSN., *ante*, p. 935;

No. 04–5880. LONGLEY v. UNITED STATES, *ante*, p. 913; and

No. 04–5893. VAUGHAN v. PUTNAM COUNTY, FLORIDA, ET AL., *ante*, p. 946. Petitions for rehearing denied.